**PUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

No. 08-5269

CLINTON LEE RUMLEY,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Virginia, at Danville.
Jackson L. Kiser, Senior District Judge.
(4:08-cr-00005-jlk-1)

Argued: October 29, 2009

Decided: December 7, 2009

Before MOTZ and KING, Circuit Judges, and
Anthony J. TRENGA, United States District Judge for the
Eastern District of Virginia, sitting by designation.

Affirmed by published opinion. Judge Motz wrote the opinion, in which Judge King and Judge Trenga joined.

## COUNSEL

**ARGUED**: Allegra Mathilde Catha Black, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Roanoke, Virginia, for Appellant. Jean Barrett Hudson, OFFICE OF THE UNITED

STATES ATTORNEY, Charlottesville, Virginia, for Appellee. **ON BRIEF:** Larry W. Shelton, Federal Public Defender, Christine Madeleine Lee, Research and Writing Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Roanoke, Virginia, for Appellant. Julia C. Dudley, United States Attorney, R. Andrew Bassford, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia, for Appellee.

---

**OPINION**

DIANA GRIBBON MOTZ, Circuit Judge:

A jury found Clinton Lee Rumley guilty of possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (2006). On appeal, Rumley challenges the court's denial of his motion to suppress a firearm the police seized from his vehicle during a traffic stop. We affirm.

I.

On December 12, 2007, Deputy Michael Wagner initiated a traffic stop of a Chevrolet pickup truck owned and driven by Rumley. Deputy Wagner believed that the truck lacked working taillights, in violation of Virginia law. The deputy approached the truck and asked Rumley for his license and registration; Rumley responded that his license was suspended. After learning that Rumley had two prior convictions for driving with a suspended license, Deputy Wagner arrested Rumley, handcuffed him, and placed him in the backseat of the deputy's patrol car.

Deputy Wagner then returned to the passenger side of Rumley's truck and requested that the front seat passenger, Fletcher Ross, step out of the truck. At that time, Deputy Wagner intended to search the truck incident to Rumley's

arrest. When Ross moved his right leg to step out, Deputy Wagner noticed a silver pistol lying on the floorboard in front of the passenger-side seat.

After conducting a pat-down search of Ross and securing him in the backseat of a second patrol car, Deputy Wagner seized the pistol from Rumley's truck. The deputy then returned to his own patrol car, read Rumley his *Miranda* rights, and questioned him about the pistol. Rumley admitted that the gun was his and that he had placed it on the floorboard when Deputy Wagner stopped him. The record suggests that, at some point after seizing the pistol, Deputy Wagner searched Rumley's truck.

The Government charged Rumley with possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). In the district court, Rumley moved to suppress the pistol on the ground that Deputy Wagner violated the Fourth Amendment by *stopping* Rumley's truck. Specifically, Rumley contended that Deputy Wagner lacked a reasonable, articulable suspicion that Rumley had violated the Virginia taillight statute, which requires that every motor vehicle "carry at the rear two red lights plainly visible in clear weather from a distance of 500 feet to the rear of such vehicle." Va. Code Ann. § 46.2-1013 (2009). The district court found that any mistake that Deputy Wagner made in assessing whether Rumley's taillights were visible was an "honest" one, and denied Rumley's motion to suppress. Rumley appealed.

## II.

On appeal, Rumley no longer challenges the constitutionality of the *stop* of his vehicle. Rather, for the first time, Rumley challenges the constitutionality of Deputy Wagner's asserted *search* of the truck and ultimate *seizure* of the pistol.

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects,

against unreasonable searches and seizures." U.S. Const. amend. IV. This guarantee contemplates distinct protections against unreasonable searches and unreasonable seizures. *See Horton v. California*, 496 U.S. 128, 133 (1990) ("A search compromises the individual interest in privacy; a seizure deprives the individual of dominion over his or her person or property.").

The "plain-view" exception to the requirement that police obtain a warrant before *seizing* property "does not involve an invasion of privacy and, consequently, does not constitute a search implicating the Fourth Amendment." *United States v. Jackson*, 131 F.3d 1105, 1108 (4th Cir. 1997); *see also Horton*, 496 U.S. at 133-34. Pursuant to this plain-view doctrine, an officer may, without a warrant, seize "incriminating evidence when (1) the officer is lawfully in a place from which the object may be plainly viewed; (2) the officer has a lawful right of access to the object itself; and (3) the object's incriminating character is immediately apparent." *Jackson*, 131 F.3d at 1109 (citing *Horton*, 496 U.S. at 136-37).

Rumley contends that the plain-view doctrine does not apply in his case because Deputy Wagner, by approaching the truck with intent to search it and requesting that Ross exit the vehicle, engaged in the "first step" of an assertedly unconstitutional search that led to his spotting the pistol. Rumley relies on the Supreme Court's recent holding in *Arizona v. Gant*, 129 S. Ct. 1710 (2009), which establishes that a search of a vehicle incident to a recent occupant's arrest is justified "only when the arrestee is unsecured and within reaching distance of the passenger compartment at the time of the search" or when "it is reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle." *Id.* at 1719 (internal quotation marks omitted). Rumley maintains that because Deputy Wagner arrested him for a minor offense and at all relevant times had him handcuffed in the back of a patrol car, the deputy had no justification under *Gant* for any search of, or seizure from, Rumley's truck.

For the reasons that follow, we hold that Deputy Wagner lawfully seized Rumley's pistol when it came into plain view *before* any search of Rumley's vehicle, and so *Gant* does not apply to the present facts. Accordingly, the district court did not commit plain error, or any error at all, in refusing to suppress the pistol.[1]

III.

Deputy Wagner discovered Rumley's pistol while standing beside the truck after asking Ross to step out of it. Rumley argues that the deputy's request that Ross leave the truck constituted the first step of an impermissible search. Rumley maintains that this "search," not the pistol's presence in plain view, occasioned the deputy's seizure of the pistol. This argument fails.

Long before its holding in *Gant* or the events giving rise to this appeal, the Supreme Court held that an officer conducting a lawful traffic stop may, as a safety measure, order any passenger to exit the vehicle as a matter of course. *Maryland v. Wilson*, 519 U.S. 408, 414-15 (1997); *see also United States*

---

[1]Because Rumley did not challenge the constitutionality of Deputy Wagner's asserted search in the district court, we review only for plain error. *See* Fed. R. Crim. P. 52(b). Under plain error analysis, we must first identify an error. *See United States v. Carter*, 300 F.3d 415, 429 (4th Cir. 2002) (citing *United States v. Olano*, 507 U.S. 725, 732 (1993)). To warrant reversal, such error must be plain; must affect substantial rights; and must seriously affect the fairness, integrity, or public reputation of judicial proceedings. *Id.* We apply plain error review even though the Supreme Court had not yet decided *Gant* at the time of Rumley's suppression hearing. *See United States v. David*, 83 F.3d 638, 640-41 (4th Cir. 1996). We note, moreover, that our plain-error review works no harshness here because the Supreme Court granted certiorari in *Gant* on February 25, 2008, more than six months *prior* to Rumley's September 5, 2008 suppression hearing. *See Arizona v. Gant*, 128 S. Ct. 1443 (2008). This certainly put interested persons on notice that the Court would soon consider the confines of a lawful search of an automobile incident to arrest. *See also United States v. Thornton*, 541 U.S. 615, 624 n.4, 625-32 (2004).

*v. Sakyi*, 160 F.3d 164, 168 (4th Cir. 1998). Nothing in *Gant*, which limits permissible searches incident to arrest, undermines the bright-line rule established in *Wilson*. Thus, Deputy Wagner acted lawfully in requesting that Ross step out of the truck.

Moreover, Deputy Wagner's intent to search the truck does not transform his lawful request of Ross into the "first step" of an improper search. Rather, Deputy Wagner's request was a "discrete" act that brought the pistol into plain view. *Cf. United States v. Moses*, 540 F.3d 263, 272 (4th Cir. 2008) (concluding that separate acts of lawfully inserting a key in a lock and unlawfully entering a house without a warrant, while part of a "continuous activity," constituted discrete acts yielding discrete information, "because the use of the key in the lock need not have led to entry of the residence at all").

Rumley makes no other argument as to why the plain-view doctrine does not apply here, nor could he. Deputy Wagner required no further inspection of the truck and its contents to observe the previously concealed pistol, which the deputy immediately recognized as potential evidence of a crime. *See Texas v. Brown*, 460 U.S. 730, 740 (1983) (upholding a police officer's right to "peer into the interior of [an] automobile"); Va. Code Ann. § 18.2-308 (2009) (outlawing the concealed carrying of weapons about one's person, subject to certain exceptions not applicable here).[2]

---

[2]Rumley does challenge Deputy Wagner's authority to order Ross out of the truck given the deputy's lack of particularized safety concerns at the scene. Notwithstanding the bright-line rule of *Wilson*, Rumley cannot rely on the Fourth Amendment rights of his *passenger*, Ross; such rights are personal in nature and "may not be vicariously asserted." *Rakas v. Illinois*, 439 U.S. 128, 133-34 (1978) (internal quotation marks omitted); *see also United States v. Taylor*, 857 F.2d 210, 214 (4th Cir. 1988). Rumley offers no rationale for how Deputy Wagner's order that *Ross* exit the truck intruded on *Rumley's* Fourth Amendment rights.

## IV.

In summary, Deputy Wagner lawfully seized the pistol when it came into plain view. Therefore, we reject Rumley's challenge to the district court's refusal to suppress the pistol. The judgment of the district court is

*AFFIRMED*.