**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 09-4966**

———————————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

TRENELL D. MURPHY,

        Defendant - Appellant.

———————————

Appeal from the United States District Court for the District of Maryland, at Baltimore.  Benson Everett Legg, Chief District Judge.  (1:09-cr-00098-BEL-1)

———————————

Submitted:  November 30, 2010    Decided:  December 21, 2010

———————————

Before NIEMEYER, KING, and AGEE, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

M. Gordon Tayback, Baltimore, Maryland, for Appellant.  Rod J. Rosenstein, United States Attorney, Philip S. Jackson, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Trenell D. Murphy pled guilty to possession with intent to distribute cocaine and was sentenced to 240 months of imprisonment. In his plea agreement, Murphy reserved the right to appeal the district court's order denying his motion to suppress evidence found as a result of a warrantless search of his vehicle. The propriety of that ruling is the sole issue Murphy raises on appeal. For the reasons that follow, we affirm.

In reviewing the district court's denial of Murphy's suppression motion, we review the district court's factual determinations for clear error and any legal determinations de novo. United States v. Kelly, 592 F.3d 586, 589 (4th Cir.), cert. denied, 130 S. Ct. 3374 (2010). Because the district court denied Murphy's motion, we construe the evidence "in the light most favorable to the government." Id.

The Fourth Amendment guarantees "the right of the people to be secure . . . against unreasonable searches and seizures" and requires that "searches be conducted pursuant to a warrant issued by an independent judicial officer." California v. Carney, 471 U.S. 386, 390 (1985). An established exception to the warrant requirement is the "automobile exception." Kelly, 592 F.3d at 589. Under this exception, police may search a vehicle without a warrant if "probable cause exists to believe

2

it contains contraband" and the vehicle is "readily mobile." <u>Pennsylvania v. Labron</u>, 518 U.S. 938, 940 (1996).

Considering the totality of the circumstances, we find that police had probable cause to believe that the readily mobile truck contained contraband. <u>Maryland v. Pringle</u>, 540 U.S. 366, 370-71 (2003). We note that officers may "draw on their own experience and specialized training to make inferences from and deductions about the cumulative information available to them that might well elude an untrained person." <u>United States v. Johnson</u>, 599 F.3d 339, 343 (4th Cir.) (internal quotation marks and citation omitted), <u>cert. denied</u>, ___ S. Ct. ___, 2010 WL 3236748 (U.S. Oct. 4, 2010) (No. 10-5913).

Accordingly, we affirm Murphy's conviction.[*] We dispense with oral argument as the facts and legal contentions

---

[*] The Supreme Court's recent opinion in <u>Arizona v. Gant</u>, ___ U.S.___, 129 S. Ct. 1710 (2009), does not alter our decision. We have declined to apply the Supreme Court's rationale in <u>Gant</u> beyond the search-incident-to-arrest exception. <u>See, e.g.,</u> <u>United States v. Rumley</u>, 588 F.3d 202, 205-06 (4th Cir. 2009) (upholding search of a vehicle and seizure of a pistol in the face of a <u>Gant</u> challenge because of the "plain-view" exception to the warrant requirement), <u>cert. denied</u>, 130 S. Ct. 2123 (2010); <u>United States v. Griffin</u>, 589 F.3d 148, 154 n.8 (4th Cir. 2009) (declining to apply <u>Gant</u>'s reasoning to protective searches where suspect had not yet been arrested) <u>pet. for cert. filed</u> (Jul. 16, 2010) (No. 10-6372).

are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED