**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4124**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MYLEICK SHAWN PATTERSON,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., District Judge. (3:18-cr-00373-RJC-DCK-1)

Submitted: August 9, 2021                    Decided: August 19, 2021

Before KEENAN, FLOYD, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Anthony Martinez, Megan C. Hoffman, Federal Public Defenders, OFFICE OF THE FEDERAL PUBLIC DEFENDER FOR THE WESTERN DISTRICT OF NORTH CAROLINA, Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Myleick Shawn Patterson entered a conditional guilty plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). He appeals the district court's order denying his motion to suppress a firearm recovered following a traffic stop. Appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the district court erred in denying the suppression motion. Patterson has filed a supplemental pro se brief raising additional arguments relating to the motion to suppress. We affirm.

In reviewing a district court's denial of a defendant's motion to suppress, we review the district court's legal conclusions de novo and its factual findings for clear error, construing the evidence presented in the light most favorable to the Government. *United States v. Cloud*, 994 F.3d 233, 242 (4th Cir. 2021); *United States v. Clarke*, 842 F.3d 288, 293 (4th Cir. 2016). Our review of the record reveals no error. First, Patterson conceded at the suppression hearing that he was not challenging the validity of the initial traffic stop and has accordingly waived this argument on appeal. *See Hicks v. Ferreyra*, 965 F.3d 302, 310 (4th Cir. 2020) (noting well-settled rule "that this [c]ourt do[es] not consider issues raised for the first time on appeal" "[a]bsent exceptional circumstances" (internal quotation marks omitted)). Second, police officers may, as a matter of course, order that a passenger of a lawfully stopped car exit the vehicle pending the completion of the stop. *Maryland v. Wilson*, 519 U.S. 408, 410, 414-15 (1997); *United States v. Rumley*, 588 F.3d 202, 206 (4th Cir. 2009) (determining that officer acted lawfully in ordering passenger to exit car absent suspicion that passenger had acted wrongfully). Neither

2

reasonable suspicion nor probable cause is required. *United States v. Hampton*, 628 F.3d 654, 658 (4th Cir. 2010). Accordingly, the district court properly concluded that the officers acted lawfully in removing Patterson from the vehicle. Third, "[a] passenger in a car normally has no legitimate expectation of privacy in an automobile in which he asserts neither a property interest nor a possessory interest . . . ." *United States v. Carter*, 300 F.3d 415, 421 (4th Cir. 2002). The person challenging the search bears the burden of establishing a reasonable expectation of privacy in the searched area. *United States v. Palmer*, 820 F.3d 640, 653 (4th Cir. 2019). Because Patterson had neither an ownership nor a possessory interest in the vehicle, the district court properly determined that he lacked standing to challenge the search of the vehicle. Finally, our review of the record confirms that law enforcement did not unlawfully prolong the traffic stop. We therefore conclude that the district court properly denied Patterson's suppression motion.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore deny Patterson's motion to appoint new counsel and affirm the district court's judgment. This court requires that counsel inform Patterson, in writing, of the right to petition the Supreme Court of the United States for further review. If Patterson requests that counsel file such a petition, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that counsel served a copy thereof on Patterson.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*