**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 23-4564**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

JORDAN DEANDRE BAILEY,

    Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Arenda L. Wright Allen, District Judge.  (2:22-cr-00120-AWA-LRL-1)

_____

Submitted:  July 30, 2024          Decided:  August 13, 2024

_____

Before KING and THACKER, Circuit Judges, and KEENAN, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:** Matthew B. Kaplan, THE KAPLAN LAW FIRM, Arlington, Virginia, for Appellant.  Jessica D. Aber, United States Attorney, Richmond, Virginia, Kristin G. Bird, Assistant United States Attorney, Norfolk, Virginia, Vetan Kapoor, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jordan Deandre Bailey appeals the district court's judgment after he entered a conditional guilty plea to possession of a machinegun in violation of 18 U.S.C. §§ 922(o), 924(a)(2); 26 U.S.C. § 5845(b), preserving his right to appeal the denial of his motion to suppress evidence under Fed. R. Crim. P. 11(a)(2). On appeal, Bailey contends that the district court erred in denying his motion to suppress evidence of the gun by applying the plain-view doctrine to the gun's seizure by police during a traffic stop.[*] We affirm.

When the district court denies a motion to suppress, we review the district court's legal conclusions de novo and factual findings for clear error. *United States v. Nkongho*, No. 22-4261, __ F.4th __, 2024 WL 3350850, at *4 (4th Cir. July 10, 2024). In conducting our review, we consider the evidence in the light most favorable to the Government. *Id*.

"The Fourth Amendment's protection against unreasonable searches is not implicated when the plain view doctrine applies." *United States v. Runner*, 43 F.4th 417, 421 (4th Cir. 2022). "This Court has held that '[v]iewing an article that is already in plain view does not constitute a search implicating the Fourth Amendment . . . .'" *Id*. "The plain-view doctrine is an exception to the Fourth Amendment warrant requirement for a *seizure* not a search." *United States v. Green*, 106 F.4th 368, 378 (4th Cir. 2024).

---

[*] Bailey also contends the district court correctly found the Government failed to prove the gun would have been inevitably discovered, in the event that the seizure violated the Fourth Amendment. Because we conclude that the plain-view doctrine was properly applied, we do not reach the inevitable-discovery issue.

The plain-view exception applies "if the government shows that: '(1) the officer was lawfully in a place from which the object could be viewed; (2) the officer had a 'lawful right of access' to the seized item[]; and (3) the incriminating character of the item[] was immediately apparent.'" *Id*. at 377. The incriminating character of an item is immediately apparent when there is probable cause to associate the property with criminal activity. *Texas v. Brown*, 460 U.S. 730, 741-42 (1983); *Runner*, 43 F.4th at 421.

We have reviewed the record and the parties' arguments on appeal, and we conclude that the district court did not err in denying Bailey's motion to suppress evidence of the gun based on application of the plain-view doctrine. It is undisputed that officers lawfully ordered Bailey to step out of his car after stopping him for failure to display a front license plate. *See Pennsylvania v. Mimms*, 434 U.S. 106, 111 n.6 (1977); *Nazario v. Gutierrez*, 103 F.4th 213, 228-39 (4th Cir. 2024). Moreover, the record reflects that Bailey did not attempt to close his car door after he stepped out of the vehicle as directed by officers; officers did not actively prevent him from doing so; and an officer saw the gun in plain view sticking out from under the driver's seat while he stood outside the car looking through the open door. Because the gun was partially concealed, the officer immediately asked Bailey if he had a concealed carry permit, which was required by state law.

Bailey previously lied to officers by denying there were any weapons in the car and claiming his driver's license was in his hotel room, when it was suspended and surrendered to police; but he eventually admitted he had a gun in the car. After he confirmed there was a gun, officers seized and secured it for officer safety; and while trying to confirm whether Bailey had a concealed carry permit, they saw an auto-sear on the back of the gun.

3

Bailey does not dispute that the second and third conditions for application of the plain-view doctrine were met. On the first condition, he contends the officer's actions of looking through the open car door after compelling it to remain open violated the Fourth Amendment. We disagree. First, the record does not support Bailey's contention that the officer compelled the door to remain open. Moreover, the officer was not precluded from peering into the car's interior. *See Texas v. Brown*, 460 U.S. at 740. Because the officer lawfully ordered Bailey to step out of the car, did not actively prevent him from closing his car door, and was standing "where he had a lawful right to stand" when he saw the gun sticking out from under the driver's seat, the first condition for applying the plain-view doctrine was met. *See Green*, 106 F.4th at 378; *United States v. Rumley*, 588 F.3d 202, 204-05 (4th Cir. 2009) (holding plain-view doctrine applied where officer saw a previously concealed pistol lying on floorboard after the defendant stepped out of the vehicle).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

4