**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4941**

UNITED STATES OF AMERICA,

          Plaintiff – Appellee,

    v.

MARIO NATHANIEL BAKER,

          Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Robert E. Payne, Senior District Judge. (3:08-cr-00088-REP-1)

Submitted: July 15, 2009         Decided: August 7, 2009

Before MOTZ and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

W. Barry Montgomery, KALBAUGH, PFUND & MESSERSMITH, Richmond, Virginia, for Appellant. Peter S. Duffey, Assistant United States Attorney, Michael Jagels, Special Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mario Nathaniel Baker appeals his jury conviction and 185-month sentence for two counts of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006); one count of possession with intent to distribute heroin, in violation of 21 U.S.C. § 841 (2006); and one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2006). Baker asserts that the district court erred when it: (i) denied his motion to sever a 2007 firearm possession count from his trial on the remaining counts; (ii) denied his Fed. R. Crim. P. 29 motion for judgment of acquittal on all counts; and (iii) sentenced him to 185 months in prison because the district court allegedly calculated his Guidelines range incorrectly and because his within-Guidelines sentence allegedly fails to serve the 18 U.S.C. § 3553(a) (2006) factors. Finding no error, we affirm.

The joinder of multiple offenses is proper under Fed. R. Crim. P. 8(a) if the offenses are: (1) of the same or similar character; (2) based on the same act or transaction; or (3) part of a common scheme or plan. See United States v. Foutz, 540 F.2d 733, 736 (4th Cir. 1976). Even if offenses are properly joined, however, severance is appropriate if the defendant establishes that he would be prejudiced by the joinder. See Fed. R. Crim. P. 14(a). A defendant moving to

2

sever multiple counts in an indictment has the burden of demonstrating a "strong showing of prejudice," however, and "it is not enough to simply show that joinder makes for a more difficult defense. The fact that a separate trial might offer a better chance of acquittal is not a sufficient ground for severance." United States v. Goldman, 750 F.2d 1221, 1225 (4th Cir. 1984) (internal citations omitted). A district court's decision to deny a motion to sever should only be overturned upon a "showing of clear prejudice or abuse of discretion." United States v. Acker, 52 F.3d 509, 514 (4th Cir. 1995) (citation omitted).

Baker has failed to meet the demanding burden of demonstrating a "strong showing" that he was prejudiced by the joinder of his 2007 firearm possession count. This is especially true since the district court clearly instructed the jury to keep the evidence pertaining to each offense separate when considering Baker's guilt. See United States v. Cardwell, 433 F.3d 378, 388 (4th Cir. 2005) (finding no prejudice based on joinder of separate charges where the district court instructed the jury that there were two distinct offenses and the evidence supporting one offense should be considered separate from evidence supporting the other offense); United States v. Silva, 745 F.2d 840, 844 (4th Cir. 1984) (recognizing that a limiting instruction will avoid the prejudicial effect that the denial of

3

a motion for severance may have).  We conclude that the district court did not abuse its discretion in denying Baker's motion to sever.

We also find that the district court did not err in denying Baker's Rule 29 motion for judgment of acquittal on all counts.  This court reviews the denial of a Rule 29 motion de novo.  See United States v. Alerre, 430 F.3d 681, 693 (4th Cir. 2005).  When a Rule 29 motion was based on a claim of insufficient evidence, the jury's verdict must be sustained "if there is substantial evidence, taking the view most favorable to the Government, to support it."  United States v. Abu Ali, 528 F.3d 210, 244 (4th Cir. 2008) (internal quotation marks and citations omitted), cert. denied, 129 S. Ct. 1312 (2009).  This court "ha[s] defined 'substantial evidence' as evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt."  Alerre, 430 F.3d at 693 (internal quotation marks and citations omitted).

This court "must consider circumstantial as well as direct evidence, and allow the government the benefit of all reasonable inferences from the facts proven to those sought to be established."  United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982) (citations omitted).  This court may not weigh the evidence or review the credibility of the witnesses.  See

United States v. Allen, 491 F.3d 178, 185 (4th Cir. 2007). If the evidence "supports different, reasonable interpretations, the jury decides which interpretation to believe." United States v. Murphy, 35 F.3d 143, 148 (4th Cir. 1994) (citations omitted). A defendant challenging the sufficiency of the evidence faces a heavy burden. See United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). We have reviewed the record in this case and conclude that the Government produced sufficient evidence for a reasonable jury to conclude that Baker committed the crimes with which he was charged. Accordingly, we find that the district court did not err in denying Baker's Rule 29 motion for judgment of acquittal.

Last, Baker argues that the district court incorrectly calculated his Guidelines range when it included a 1988 felony conviction in his criminal history calculation because that conviction occurred more than fifteen years before the offenses in the indictment and a prison term exceeding one year and one month was not imposed. Baker also summarily asserts that, although his sentence was a within-Guidelines sentence, it was greater than necessary to achieve the § 3553(a) objectives. We reject both assertions.

After United States v. Booker, 543 U.S. 220 (2005), this court reviews a sentence for reasonableness, and "whether inside, just outside, or significantly outside the Guidelines

range," this court applies a "deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 128 S. Ct. 586, 591 (2007). This court first must "ensure that the district court committed no significant procedural error." 128 S. Ct. at 597. Only if the sentence is procedurally reasonable can this court evaluate the substantive reasonableness of the sentence, again using the abuse of discretion standard of review. Id.; United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009).

In determining whether the district court committed any significant procedural error, this court looks to any failure in the calculation (or the improper calculation) of the Guidelines range, the treatment of the Guidelines as mandatory, the failure to consider the § 3553(a) factors, the selection of a sentence using clearly erroneous facts, and any failure to adequately explain the chosen sentence, including any deviation from the advisory Guidelines range. Gall, 128 S. Ct. at 597. We may apply a presumption of reasonableness on appeal to a within-Guidelines sentence. Rita v. United States, 551 U.S. 338, 127 S. Ct. 2456, 2462 (2007); see also Nelson v. United States, 129 S. Ct. 890, 892 (2009) (emphasizing that the presumption of reasonableness accorded a within-Guidelines sentence is an appellate court presumption rather than a presumption enjoyed by a sentencing court). Even if this court would have imposed a different sentence, this fact alone will

6

not justify vacatur of the sentence. United States v. Evans, 526 F.3d 155, 162 (4th Cir. 2008).

Although the conviction about which Baker complains occurred more than fifteen years prior to his current offenses, because he was sentenced in 1997 for probation revocation, the conviction is deemed to have occurred within fifteen years of his 2007 and 2008 offenses. U.S. Sentencing Guidelines Manual ("USSG") § 4A1.2(k) (2007). Moreover, although Baker's original prison term for the 1988 conviction did not exceed one year and one month, Baker received a two-year sentence upon revocation of his probation in 1997, thereby bringing the prison term within the purview of USSG § 4A1.2(e)(1) (2007). Accordingly, we find that Baker's 1988 conviction was properly counted by the district court in determining Baker's criminal history category.

We also find that the district court's imposition of a 185-month sentence is reasonable and should not be disturbed. At sentencing, the district court considered and rejected Baker's objections to the presentence investigation report. Moreover, Baker does not deny that his sentence is within the Guidelines range calculated by the district court and within statutory mandates, or that the district court considered the § 3553(a) factors. Rather, Baker only summarily asserts that a lesser sentence would have been more appropriate because his criminal history consisted only of convictions for drug crimes,

7

rather than for crimes of violence or crimes involving firearms. Such a summary assertion is insufficient to defeat the presumption of reasonableness that this court accords a district court's within-Guidelines sentence on appeal. <u>Rita</u>, 127 S. Ct. at 2462.

Based on the foregoing, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>