**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 12-6624

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARIO N. BAKER,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Robert E. Payne, Senior District Judge.  (3:08-cr-00088-REP-1; 3:10-cv-00579-REP)

Argued: May 14, 2013                    Decided:  June 13, 2013

Before WILKINSON, GREGORY, and KEENAN, Circuit Judges.

Affirmed by published opinion.  Judge Wilkinson wrote the opinion, in which Judge Gregory and Judge Keenan joined.

**ARGUED**:  John W. Akin, UNIVERSITY OF VIRGINIA SCHOOL OF LAW, Charlottesville, Virginia, for Appellant.  Michael F. Murray, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.  **ON BRIEF**:  Neal L. Walters, Benjamin P. Kyber, Third Year Law Student, UNIVERSITY OF VIRGINIA SCHOOL OF LAW, Charlottesville, Virginia, for Appellant.  Neil H. MacBride, United States Attorney, Alexandria, Virginia; Richard D. Cooke, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

WILKINSON, Circuit Judge:

Defendant Mario Nathaniel Baker was convicted of multiple federal firearm and drug offenses based on evidence that police officers uncovered while searching his vehicle during a traffic stop. Baker's counsel never challenged the constitutionality of the search, either through a suppression motion or on direct appeal. After his conviction became final, Baker filed a motion under 28 U.S.C. § 2255 seeking to vacate, set aside, or correct his sentence partly on the ground that his counsel had been unconstitutionally ineffective in failing to challenge the search on direct appeal under Arizona v. Gant, 556 U.S. 332 (2009), which the Supreme Court decided while his appeal was still pending. The district court rejected this claim, and we affirm for the reasons stated herein.

I.

A.

We take the facts pertinent to this appeal from the evidence presented at Baker's trial, construed in the light most favorable to the government. See Bereano v. United States, 706 F.3d 568, 571 n.5 (4th Cir. 2013).

On March 3, 2008, Shawn Nelson, an officer with the Henrico County, Virginia, Police Department, stopped a vehicle that had a broken taillight and an expired license plate. Baker was

2

driving the vehicle, and Dashawn Brown occupied the front passenger seat. On checking Baker's driver's license against state records, Nelson learned that Baker was the subject of an outstanding federal arrest warrant. While verifying the warrant, Nelson called for backup. Once additional officers arrived, Nelson arrested Baker and handed him over to one of the other officers, who searched him and, finding no contraband, secured him in a police car.

While the other officer was dealing with Baker, Nelson turned his attention to Brown, asking him to exit the vehicle. Brown did so but then began to walk away. Nelson ordered Brown to put his hands on the vehicle and started frisking him. When Nelson felt a handgun in Brown's pocket, Brown attempted to reenter the vehicle -- claiming at the time that he wanted to retrieve his cellphone, which was on the passenger-side floorboard. Nelson struggled with Brown, wrestled him to the ground, and arrested him for possessing the handgun. He then searched Brown incident to the arrest, finding 0.90 grams of heroin, 0.40 grams of crack cocaine, $980 in cash, and a small digital scale on his person.

After securing Brown in a police car, Nelson searched the passenger compartment of Baker's vehicle, starting with the center console, where he found 20.6 grams of heroin, 0.24 grams

3

of crack cocaine, 12.2 grams of methadone, and a burnt marijuana cigarette.  He also found another handgun in the glove box.

B.

Based on the evidence found during the search of his vehicle, Baker was indicted for various federal firearm and drug offenses.  See 18 U.S.C. §§ 922(g)(1), 924(c); 21 U.S.C. § 841. He was also charged with an additional firearm count stemming from a previous run-in with the police, in 2007.  Although Baker's lawyer moved (unsuccessfully) to sever this additional count, he never filed a suppression motion challenging the search of Baker's vehicle.  Baker was convicted by a jury of all counts and was sentenced by the trial court to 185 months' imprisonment.

Baker appealed his convictions and sentence to this court, with his lawyer filing an opening brief on March 16, 2009.  On April 21, 2009, the day before the government filed its response brief, the Supreme Court decided Arizona v. Gant, which held that, under the Fourth Amendment, the "[p]olice may search a vehicle incident to a recent occupant's arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest." 556 U.S. 332, 351 (2009).  We affirmed Baker's convictions and sentence on August 7, 2009.  See United States v. Baker, 340 F.

4

App'x 145 (4th Cir. 2009), <u>cert. denied</u>, 130 S. Ct. 1548 (2010). At no point between when the Supreme Court decided <u>Gant</u> and when this court decided Baker's appeal did Baker's lawyer argue that the search of Baker's vehicle violated the Fourth Amendment under <u>Gant</u>.

C.

Proceeding pro se, Baker subsequently filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. His motion asserted four claims for relief, all of which the district court rejected. <u>See</u> <u>United States v. Baker</u>, No. 3:08cr88, 2012 WL 620240 (E.D. Va. Feb. 24, 2012). Specifically, as relevant to this appeal, the district court found that Baker's counsel had not been unconstitutionally ineffective in failing to challenge the search of Baker's vehicle under <u>Gant</u> on direct appeal "[b]ecause the evidence found as a result of the search . . . still would be admissible under the good faith exception to the Fourth Amendment's exclusionary rule," meaning that Baker could not "show that counsel's failure to argue <u>Gant</u> on appeal prejudiced him." <u>Id.</u> at *2 (footnote omitted).

The district court denied a certificate of appealability for all four of Baker's claims. <u>See</u> <u>id.</u> at *3; 28 U.S.C. § 2253(c). While agreeing with the district court that three of the claims did not merit our review, we granted a partial

5

certificate of appealability to consider the question whether Baker's lawyer was ineffective in failing to raise a Gant argument on direct appeal.

## II.

Warrantless searches "are per se unreasonable under the Fourth Amendment -- subject to only a few specifically established and well-delineated exceptions." Katz v. United States, 389 U.S. 347, 357 (1967) (footnote omitted). Arizona v. Gant, 556 U.S. 332 (2009), addressed when the exception to the Fourth Amendment's warrant requirement for searches incident to a lawful arrest justifies a search of the passenger compartment of the vehicle in which an arrestee is traveling. As a general matter, a search incident to a lawful arrest may extend only to "the arrestee's person and the area 'within his immediate control' -- construing that phrase to mean the area from within which he might gain possession of a weapon or destructible evidence." Chimel v. California, 395 U.S. 752, 763 (1969). Before Gant, the Supreme Court had interpreted this rule in the context of vehicle searches to mean that "when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of the automobile" as well as "any containers found within the passenger compartment." New York v.

6

Belton, 453 U.S. 454, 460 (1981) (footnote omitted); see also Thornton v. United States, 541 U.S. 615 (2004).

The federal courts of appeals tended to construe the Court's pronouncement in Belton capaciously. Although a few circuits cabined Belton's holding to permit a search of a vehicle incident to the arrest of an occupant only when the arrestee could actually reach the vehicle's passenger compartment, most espoused a broader interpretation, according to which police officers could search the vehicle regardless of the arrestee's location at the time of the search. See Gant, 556 U.S. at 341-43 & nn.2-3 (collecting cases). This court adopted the broad reading, upholding, for instance, the search of a vehicle as a search incident to an arrest where the arrestee had been handcuffed and removed from the vehicle when the search occurred. See United States v. Milton, 52 F.3d 78, 80 (4th Cir. 1995), overruling recognized by United States v. Wilks, 647 F.3d 520, 522 (4th Cir. 2011).

Without purporting to overrule Belton and its progeny, Gant rejected the lower courts' capacious reading of that decision, making clear that the exception for searches incident to an arrest authorizes vehicle searches only in two specific circumstances. The first circumstance is "when the arrestee is unsecured and within reaching distance of the passenger compartment at the time of the search." Gant, 556 U.S. at 343.

7

The second is "when it is 'reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle.'" Id. (quoting Thornton, 541 U.S. at 632 (Scalia, J., concurring in the judgment)). "When these justifications are absent," the Court concluded, "a search of an arrestee's vehicle will be unreasonable unless police obtain a warrant or show that another exception to the warrant requirement applies." Id. at 351.

It is important to recognize those aspects of Fourth Amendment doctrine that Gant did not change. The decision addressed only the exception to the warrant requirement for searches incident to a lawful arrest, as applied to vehicle searches. It left unaltered other exceptions that might authorize the police to search a vehicle without a warrant even when an arrestee is secured beyond reaching distance of the passenger compartment and it is unreasonable to expect to find any evidence of the crime of arrest in the vehicle. See id. at 346-47. The one most relevant to this appeal is the so-called automobile exception, which permits a warrantless search of a vehicle when there is probable cause to believe the vehicle contains contraband or other evidence of criminal activity. See Carroll v. United States, 267 U.S. 132 (1925).

III.

Baker argues that his lawyer was unconstitutionally ineffective in failing to challenge the search of his vehicle under Gant on direct appeal. Once the Supreme Court decided Gant, he contends, his lawyer should have argued to this court that the decision rendered the search of his vehicle unconstitutional, given that neither he nor Brown was within reaching distance of the passenger compartment when Officer Nelson searched the vehicle.[*] Had his lawyer made this argument, Baker insists, the evidence obtained during the search would likely have been excluded and all his convictions based on that evidence would likely have been overturned.

To show a violation of the Sixth Amendment right to effective assistance of counsel, a defendant must prove (1) "that [his] counsel's performance was deficient" and (2) "that the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). In evaluating a district court's rulings on each prong, we review its legal conclusions de novo and its factual findings for clear error. See United States v. Fulks, 683 F.3d 512, 516 (4th Cir. 2012).

---

[*] Because of the other available grounds for disposing of Baker's appeal, we need not decide whether the search was justified under Gant's other rationale -- namely, that it was reasonable to expect to find additional evidence of the crimes for which Baker and Brown were arrested in the vehicle.

9

For the following reasons, Baker has failed to make the requisite showing under either prong of the Strickland standard.

A.

Regarding the first prong, a lawyer's performance is deficient when his representation falls "below an objective standard of reasonableness," as measured against "prevailing professional norms." Strickland, 466 U.S. at 688. "[T]he reasonableness of counsel's challenged conduct," in turn, is judged "on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. To guard against hindsight bias and unfair "second-guess[ing]," a defendant must overcome "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689.

The range of reasonable professional assistance is just as wide on direct appeal as it is at trial. In particular, "[c]ounsel is not obligated to assert all nonfrivolous issues on appeal, as '[t]here can hardly be any question about the importance of having the appellate advocate examine the record with a view to selecting the most promising issues for review.'" Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000) (en banc) (quoting Jones v. Barnes, 463 U.S. 745, 752 (1983)). Indeed, requiring counsel to raise every claim, or even a multiplicity of claims, runs the risk of detracting from contentions that may

10

be truly meritorious. Appellate counsel accordingly enjoys a "presumption that he decided which issues were most likely to afford relief on appeal," a presumption that a defendant can rebut "only when ignored issues are clearly stronger than those presented." Id. (quoting Pruett v. Thompson, 996 F.2d 1560, 1568 (4th Cir. 1993); Smith v. Robbins, 528 U.S. 259, 288 (2000)).

Baker's counsel claimed on direct appeal that the trial court had erred in three respects: in denying Baker's motion to sever the charge stemming from his previous encounter with the police, in denying his post-trial motion for a judgment of acquittal, and in imposing an unreasonable sentence. According to Baker, each of these issues was clearly weaker than an argument under Gant would have been, since the latter would have impugned the search of his vehicle, the evidence it uncovered, and thus the sole basis for all but one of his convictions.

Baker incorrectly assumes, however, that the search of his vehicle would necessarily be unconstitutional if it violated Gant. In fact, even if the search exceeded the limits of the exception to the warrant requirement for searches incident to a lawful arrest, as delineated in Gant, it was still justified by another, independent exception, such that Baker's lawyer acted reasonably in declining to challenge it.

11

As noted above, Gant addressed only the rule permitting warrantless searches incident to a lawful arrest, as applied in the context of vehicle searches, leaving unaltered other exceptions to the warrant requirement that might be relevant in that context. To illustrate the limits of its holding, the Court in Gant expressly identified three such exceptions. See 556 U.S. at 346-47. Among them was the "automobile exception," according to which police officers may search a vehicle without first obtaining a warrant if it "is readily mobile and probable cause exists to believe it contains contraband" or evidence of criminal activity. Pennsylvania v. Labron, 518 U.S. 938, 940 (1996) (per curiam); see also Maryland v. Dyson, 527 U.S. 465, 466-67 (1999) (per curiam). Note that, in contrast to Gant's rule, this exception permits police officers to search a vehicle for evidence of any crime, not just the crime of arrest, but only on a showing of probable cause rather than a mere reasonable belief.

The Court in Gant emphasized that its decision in no way affected the validity or scope of the automobile exception, noting that "[i]f there is probable cause to believe a vehicle contains evidence of criminal activity, United States v. Ross, 456 U.S. 798, 820-821 (1982), authorizes a search of any area of the vehicle in which the evidence might be found." Gant, 556 U.S. at 347. This court, in turn, similarly confirmed the

12

continued viability of this exception in the wake of Gant, holding that even though a warrantless vehicle search might have exceeded the limits articulated in Gant, it was nevertheless constitutional because it was supported by probable cause. See United States v. Kellam, 568 F.3d 125, 136 n.15 (4th Cir. 2009).

So too here. After Officer Nelson found a gun, drugs, $980 in cash, and a digital scale on Brown's person, he had probable cause to search the passenger compartment of Baker's vehicle. Probable cause to search a vehicle exists when "reasonable officers can conclude that what they see, in light of their experience, supports an objective belief that contraband is in the vehicle." United States v. Ortiz, 669 F.3d 439, 446 (4th Cir. 2012). This standard is satisfied when a police officer lawfully searches a vehicle's recent occupant and finds contraband on his person. See United States v. Johnson, 383 F.3d 538, 545-46 (7th Cir. 2004) ("[A police officer's] discovery of a banned substance (drugs) on Johnson's person clearly provided him with probable cause to search the trunk of the vehicle . . . since the officer had a reasonable basis for believing that more drugs or other illegal contraband may have been concealed inside." (footnote omitted)).

Thus, having found drugs, as well as other items indicating involvement in the drug trade, on Brown's person, Nelson had probable cause to search the passenger compartment of the

13

vehicle in which Brown had just been sitting for additional contraband. And if there were any doubt that the drugs and other items alone justified the search of the vehicle, we note that Brown also walked away from Nelson, reached back into the vehicle while being frisked, and struggled with Nelson. These facts provided further reason for Nelson to believe that there was additional contraband in the vehicle. We thus conclude that Nelson's search of Baker's vehicle was supported by probable cause and that it therefore comported with the automobile exception to the warrant requirement.

This all assumes, of course, that Nelson's search of Brown's person, which uncovered the items that gave Nelson probable cause to search the vehicle, was itself lawful. The parties argue extensively over the point, but even assuming arguendo that Nelson's search of Brown in some way violated the Fourth Amendment, it would be of no avail to Baker. For a defendant must have proper standing in order to challenge a search under the Fourth Amendment. See Rakas v. Illinois, 439 U.S. 128 (1978). Baker of course has standing to challenge the search of his own vehicle. But not so the search of Brown. This court has repeatedly held that one occupant of a vehicle lacks standing to challenge the frisk or search of another. See, e.g., United States v. Rumley, 588 F.3d 202, 206 n.2 (4th Cir. 2009); United States v. Taylor, 857 F.2d 210, 214 (4th Cir.

14

1988). Baker therefore lacks standing to challenge the frisk and search of Brown, which uncovered the contraband that ultimately gave Nelson probable cause to search Baker's vehicle. For this reason as well, it would have been futile for Baker's lawyer to challenge the search of the vehicle on direct appeal.

In short, because the search of Baker's vehicle was plainly justified by the automobile exception to the warrant requirement irrespective of Gant, Baker's lawyer did not perform deficiently in declining to challenge the search on direct appeal. And because we find no deficient performance on this basis, we need not address the government's alternative argument that his lawyer would have been precluded from raising such a challenge in the first place because, under Federal Rule of Criminal Procedure 12, Baker had waived the issue by failing to file prior to trial a motion to suppress the fruits of the search.

B.

We must reject as well Baker's argument under the second prong of Strickland, namely that what he alleges was deficient performance somehow prejudiced the defense. To show prejudice, a defendant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

15

Baker takes it for granted that he was prejudiced by his lawyer's failure to challenge the search of his vehicle under Gant on direct appeal. Had such a challenge succeeded, he contends, this court would have had to suppress the evidence found during the search pursuant to the Fourth Amendment exclusionary rule. And because all but one of his convictions were based solely on that evidence, Baker argues that those convictions would necessarily have been overturned.

As the district court noted, however, application of the exclusionary rule is in fact barred in Baker's case by the Supreme Court's decision in Davis v. United States, 131 S. Ct. 2419 (2011). Davis extended the "good faith" exception to the exclusionary rule to hold that "[e]vidence obtained during a search conducted in reasonable reliance on binding precedent is not subject to the exclusionary rule." Id. at 2429. The Court announced this rule, moreover, in a case that also involved the retroactive application of Gant. See id. at 2426. Applying the good-faith exception to Davis's case, the Court held that even though Davis had successfully challenged a search on direct appeal under Gant, the evidence obtained during the search was not subject to suppression because the search had accorded with binding circuit precedent when it was conducted. See id. at 2434.

Similarly, at the time Nelson searched Baker's vehicle, our precedent permitted the police to search a vehicle incident to the lawful arrest of one of its occupants regardless of whether the occupant was within reaching distance of the passenger compartment, a rule that Gant subsequently abrogated. See United States v. Wilks, 647 F.3d 520, 522 (4th Cir. 2011) (citing United States v. Milton, 52 F.3d 78, 80 (4th Cir. 1995)). Following Davis, we have accordingly held that the exclusionary rule does not bar the introduction of evidence found during searches that would have been constitutional but for Gant and that were conducted before the decision. See id. at 524. Davis mandates the same result here, given that Nelson was doing exactly what the law at the time said he could do when he searched Baker's vehicle. This is precisely the kind of good-faith reliance on precedent that Davis meant to protect and encourage.

Baker attempts to avoid this conclusion by noting that Davis was not decided until 2011, after his appeal had concluded and his conviction had become final. Baker thus argues that, had his lawyer successfully challenged the search of his vehicle under Gant on direct appeal, the good-faith exception would not have barred the application of the exclusionary rule to his case. This shows, Baker contends, that the outcome of his appeal would have been very different indeed had his lawyer

raised Gant and that his defense was therefore prejudiced within the meaning of Strickland.

Baker, however, misunderstands the nature of Strickland's prejudice inquiry. While it is certainly necessary to show that the outcome of the proceeding at issue would have been different in order to prove prejudice, it is not sufficient. As the Supreme Court has explained, "an analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective," for "set[ting] aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him." Lockhart v. Fretwell, 506 U.S. 364, 369-70 (1993) (citing United States v. Cronic, 466 U.S. 648, 658 (1984)). To avert such windfalls, Strickland's prejudice prong is governed by the law as it stands at the time a court is considering a defendant's ineffective-assistance claim, in contrast to the performance prong, which is governed by the law as it stood when the defendant's lawyer acted. Id. at 372.

In determining whether Baker was prejudiced by his lawyer's alleged deficient performance, then, we must apply current law, including Davis's application of the good-faith exception. For the reasons noted above, the exception would bar us from suppressing the evidence found during the search of Baker's

18

vehicle, because the officers were following the law as it existed at the time of the search. This means that, regardless of any appellate challenge to the search under <u>Gant</u>, Baker still would not be prejudiced in the sense required to prove his <u>Strickland</u> ineffective-assistance claim. To hold otherwise would be to confer on Baker "a windfall to which the law does not entitle him," <u>id.</u> at 370, and to stray far from the core purpose of the exclusionary rule, which is to deter unlawful conduct on the part of officers, not law-abiding actions, <u>see</u> <u>United States v. Leon</u>, 468 U.S. 897, 906 (1984). This we decline to do.

IV.

For the foregoing reasons, the judgment of the district court is affirmed.

<u>AFFIRMED</u>