**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 12-4827**

───────────

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

HARVEY J. BREWER, JR.,

              Defendant - Appellant.

───────────

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg. Irene M. Keeley, District Judge. (1:12-cr-00001-IMK-JSK-1)

───────────

Submitted: June 26, 2013          Decided: July 17, 2013

───────────

Before KEENAN, WYNN, and FLOYD, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Barry P. Beck, POWER, BECK & MATZUREFF, Martinsburg, West Virginia, for Appellant. Brandon Scott Flower, Assistant United States Attorney, Clarksburg, West Virginia, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a two-day trial at which Defendant Harvey Brewer testified in his own defense, the jury convicted Brewer of escaping from the prison camp located at Federal Correctional Institution — Gilmer ("FCI Gilmer"), in violation of 18 U.S.C. § 751(a) (2006). Brewer was sentenced to sixteen months' imprisonment, to be served consecutive to the 121-month sentence he was serving when he escaped, and one year of supervised release, to be served concurrent with the five-year supervised release term previously imposed. This appeal followed.

Counsel for Brewer has submitted his appellate brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying that there are no nonfrivolous issues, but asking us to review the sufficiency of the evidence underlying the jury's verdict; the propriety of the district court's denial of Brewer's motion in limine; whether the district court erred in denying Brewer's post-verdict motion for a new trial; and the reasonableness of Brewer's sentence. In his pro se supplemental brief, Brewer asserts that 18 U.S.C. § 751(a) is unconstitutionally vague. The Government has not filed a brief.

For the following reasons, we reject these arguments. Because plenary review of the record reveals no meritorious issues, we affirm the judgment.

I.

We first turn to counsel's challenge to the sufficiency of the Government's evidence. Although Brewer did not move for a judgment of acquittal under Fed. R. Crim. P. 29 at the close of the Government's case-in-chief, generally, a jury's verdict "must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942); see United States v. Perkins, 470 F.3d 150, 160 (4th Cir. 2006). This court considers both direct and circumstantial evidence, drawing all reasonable inferences from such evidence in the Government's favor. United States v. Harvey, 532 F.3d 326, 333 (4th Cir. 2008). In evaluating sufficiency of the evidence, this court does not reweigh the evidence or reassess the fact finder's determination of witness credibility, United States v. Brooks, 524 F.3d 549, 563 (4th Cir. 2008), and "can reverse a conviction on insufficiency grounds only when the prosecution's failure is clear." United States v. Moye, 454 F.3d 390, 394 (4th Cir. 2006) (en banc) (internal quotation marks omitted).

To convict a defendant of escaping in violation of 18 U.S.C. § 751, the Government must prove:

(1) that the defendant escaped or attempted to escape, (2) from the custody of the Attorney General, his appointed agent, or from a place where the defendant is confined at the direction of the Attorney General,

3

> (3) where the custody is by virtue of (a) arrest on a felony charge or (b) conviction of any offense.

United States v. Vanover, 888 F.2d 1117, 1121 (6th Cir. 1989); see also United States v. Evans, 159 F.3d 908, 910 (4th Cir. 1998) (discussing same elements). "Although the term 'escape' is not defined in § 751(a), the government meets its burden if it demonstrates that the defendant 'absent[ed]' himself 'from custody without permission.'" Evans, 159 F.3d at 910 (quoting United States v. Bailey, 444 U.S. 397, 407 (1980)).

Given the jury's guilty verdict, the evidence must be viewed in the light most favorable to the Government. United States v. Baker, __ F.3d __, 2013 WL 2631726, at *1 (4th Cir. June 13, 2013). There was no dispute that Brewer was in custody at FCI-Gilmer pursuant to his prior federal conviction. The real point of contention was whether Brewer escaped from FCI-Gilmer or whether, as Brewer contended, he was simply out of bounds. The guilty verdict reflects that the jury rejected Brewer's version of events and resolved this issue in favor of the Government, and our review of the trial record confirms that substantial evidence supports this verdict.

## II.

We next consider whether the district court abused its discretion in denying Brewer's motion in limine, predicated on Federal Rules of Evidence ("FRE") 901 and 403, through which he

4

sought to preclude the introduction of a video clip and related photographs taken by a surveillance camera. See United States v. Henry, 673 F.3d 285, 291 (4th Cir.), cert. denied, 133 S. Ct. 182 (2012). "A district court abuses its discretion when it acts in an arbitrary manner, when it fails to consider judicially-recognized factors limiting its discretion, or when it relies on erroneous factual or legal premises." Id.

On this record, we discern no such abuse of discretion. Witness testimony authenticated the time and date the challenged video clip was recorded, satisfying FRE 901.

Brewer's argument under FRE 403 fares no better. The district court's decision to allow the jury to view the video clip and decide, in its capacity as the fact finder, whether or not the man in the clip was Brewer, was neither arbitrary nor predicated on an erroneous premise. We therefore defer to the district court's ruling on the motion in limine based on FRE 403. See United States v. Meyers, 280 F.3d 407, 413 (4th Cir. 2002) (explaining the "broad deference" this court accords to the district court's assessment of FRE 403 balancing).

III.

Counsel also asks that we review the district court's denial of Brewer's post-verdict motion for a new trial based on a juror's failure to disclose a potential source of bias. To obtain a new trial based on nondisclosure by a juror, the

5

defendant must show that (1) the juror did not honestly answer a material question during voir dire; and (2) if the juror had provided an honest answer, it would have been a valid basis for a challenge for cause. See United States v. Fulks, 454 F.3d 410, 431 (4th Cir. 2006) (citing McDonough Power Equip., Inc. v. Greenwood, 464 U.S. 548 (1984)).

The district court assumed that Brewer satisfied the first prong of the inquiry. The court concluded, though, that even if the juror had disclosed the potential source of her bias — that her deceased father had been a police officer — this would not have been a valid basis for a cause-based challenge to her service on the jury, and thus denied the motion.

A district court's ruling as to whether a juror would have been removed for cause is reviewed for an abuse of discretion. Id. at 432. A trial court abuses its discretion in this arena "(1) where a per se rule of disqualification applies; and (2) where the court demonstrates a clear disregard for the actual bias of the juror." Id. (internal quotation marks omitted). There is no per se rule of disqualification of any juror whose family member worked in law enforcement.[1] We also agree that this juror exhibited no actual bias and that this is

---

[1] In fact, as the district court noted, five other prospective jurors answered the same question affirmatively, and none of them were stricken from the jury for cause.

6

not one of the "extreme situations" from which bias may be implied. Person v. Miller, 854 F.2d 656, 664 (4th Cir. 1988). We therefore affirm the denial of the motion for a new trial.

IV.

Turning, then, to Brewer's sentence, this court reviews any criminal sentence, "whether inside, just outside, or significantly outside the Guidelines range," for reasonableness, "under a deferential abuse-of-discretion standard." United States v. King, 673 F.3d 274, 283 (4th Cir.), cert. denied, 133 S. Ct. 216 (2012); Gall v. United States, 552 U.S. 38, 46, 51 (2007). Where, as here, the district court imposes a departure or variance sentence, this court considers "whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." United States v. Hernandez-Villanueva, 473 F.3d 118, 123 (4th Cir. 2007). Only if we determine that there is no procedural infirmity will we review the substantive reasonableness of the sentence, again applying the abuse-of-discretion standard. Gall, 552 U.S. at 51; United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010).

We conclude that Brewer's sentence is free of any procedural or substantive infirmity. First, the district court properly calculated Brewer's pre-departure Guidelines range.

7

Moreover, we do not discern any error in the two-level upward departure the court imposed based on Brewer's extensive perjury and calculated efforts to obstruct justice. See U.S. Sentencing Guidelines Manual ("USSG") §§ 3C1.1, 5K2.0(a)(3), p.s. (2011); see, e.g., United States v. O'Georgia, 569 F.3d 281, 290 (6th Cir. 2009) (recognizing that "[d]epartures under [USSG § 5K2.0] therefore fall into two categories — departures based on facts of a different kind than those taken into account by the underlying Guidelines and departures where the relevant circumstance is present to an unusually large or small degree"). Finally, the court permitted the parties to argue in favor of a particular sentence, allowed Brewer to allocute, considered those arguments, and analyzed the relevant sentencing factors in terms of this individual defendant.

With regard to the substantive reasonableness of Brewer's sentence, this court evaluates "the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." United States v. Hargrove, 701 F.3d 156, 160-61 (4th Cir. 2012) (internal quotation marks omitted), cert. denied, 2013 WL 1703536 (U.S. May 20, 2013). Given the totality of circumstances present in this case, we conclude that the departure sentence Brewer received is substantively reasonable.

V.

In his pro se supplemental brief, Brewer asserts that 18 U.S.C. § 751(a) is unconstitutionally vague, as applied to his conduct, because it penalizes innocent conduct and because it does not give fair notice as to what actions are prohibited. We cannot agree.

As we recently explained, a criminal statute is void-for-vagueness if it "fails to provide a person of ordinary intelligence fair notice of what is prohibited, or is so standardless that it authorizes or encourages seriously discriminatory enforcement. This analysis should be conducted bearing in mind the context in which the statute is applied." United States v. Beason, No. 11-4676, 2013 WL 1694541, at *2 (4th Cir. Apr. 19, 2013) (unpublished after argument) (internal quotation marks and citations omitted). We readily conclude that § 751(a) provides ample notice as to what is prohibited. The statute clearly criminalizes the escape or attempted escape "from the custody of the Attorney General or his authorized representative, or from any institution or facility in which [the prisoner] is confined by direction of the Attorney General." 18 U.S.C. § 751(a). And, as previously noted, the Supreme Court has defined "escape" as "absenting oneself from custody without permission." Bailey, 444 U.S. at 407. In our view, "a reasonable person of ordinary intelligence would

9

understand" the conduct prohibited by this statute.[2]  United States v. Cavillo-Rojas, Nos. 10-4033/4061/4062/4067/4072, 2013 WL 563885, at *10 (4th Cir. Feb. 15, 2013) (unpublished after argument).

## VI.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the criminal judgment.  This court requires that counsel inform Brewer, in writing, of the right to petition the Supreme Court of the United States for further review.  If Brewer requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Brewer.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

---

[2] This argument is also flawed in that it is predicated on Brewer's insistence that his only transgression was being outside the camp housing unit after the designated midnight hour.  But the jury heard and clearly rejected Brewer's testimony on this critical point.  We thus find no merit in Brewer's argument as to the vagueness of the statute as applied to his view of his conduct.