No. 14-0174, *State of West Virginia v. James Earl Noel, Jr.*

**FILED**
**November 6, 2015**
released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

Justice Ketchum concurring:

I fully agree with the majority's resolution of this case. I write separately to point out that there is an "automobile exception" to the warrant requirement that was not raised in this case. The automobile exception may be used by a police officer under our new holding in Syllabus Point 2. In Syllabus Point 2, the majority holds:

> Pursuant to *Arizona v. Gant*, 556 U.S. 332, 129 S. Ct. 1710, 174 L. Ed.2d 485 (2009), police may conduct a warrantless search of a vehicle incident to a recent occupant's arrest only if (1) the arrestee is unsecured and within reaching distance of the vehicle's passenger compartment at the time of the search or (2) it is reasonable to believe that the vehicle contains evidence of the offense of arrest. If these justifications are absent, a warrantless search of an arrestee's vehicle will be unreasonable unless police obtain a warrant **or show that another exception to the warrant requirement applies.**

(Emphasis added).

The United States Supreme Court created the automobile exception to the warrant requirement in *Carroll v. United States*, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925). In *Carroll*, the Court held that because of the mobility of an automobile, and the diminished expectation of privacy in an automobile, warrantless searches can be justified under certain conditions. For instance, police officers do not need a warrant to search an automobile if they have probable cause to believe it contains evidence of criminal activity. *United States v. Ross*, 456 U.S. 798, 809, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982). Probable cause exists when "the known facts and circumstances are sufficient to

1

warrant a man of reasonable prudence in the belief that contraband or evidence of a crime will be found." *Ornelas v. United States*, 517 U.S. 690, 696, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996). Probable cause deals in probabilities that "are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." *Brinegar v. United States*, 338 U.S. 160, 175, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949). Under the automobile exception, police officers may search for evidence of any crime, not just of the offense that provided the basis for the arrest. *United States v. Baker*, 719 F.3d 313, 319 (4th Cir.2013).

While police officers do not need a warrant to search an automobile if they have probable cause to believe it contains evidence of criminal activity, "[t]he word 'automobile' is not a talisman in whose presence the Fourth Amendment fades away and disappears." *Coolidge v. New Hampshire*, 403 U.S. 443, 461, 91 S.Ct. 2022, 2035 (1971). A warrantless search of an automobile must be reasonable in light of the diminished expectation of privacy that a person may have in his automobile as weighed against any exigent circumstances that may exist in a particular case.