**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4410**

UNITED STATES OF AMERICA,

                 Plaintiff – Appellee,

         v.

PIERCE YARNELL BROWN,

                 Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  Glen E. Conrad, Chief District Judge.  (7:15-cr-00074-GEC-1)

Submitted:  January 26, 2017        Decided:  January 31, 2017

Before WILKINSON, SHEDD, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Larry W. Shelton, Federal Public Defender, Randy V. Cargill, Assistant Federal Public Defender, Roanoke, Virginia, for Appellant. John P. Fishwick, Jr., United States Attorney, Ashley B. Neese, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pierce Yarnell Brown appeals his conviction for possession of a firearm by a convicted felon. He challenges the denial of his motion to suppress the firearm, arguing that the officer lacked probable cause to search his moped. We disagree, and thus, we affirm Brown's conviction.

In reviewing a district court's ruling on a motion to suppress, we defer to the district court's factual findings, setting them aside only if clearly erroneous, and review its legal conclusions de novo. United States v. Blake, 571 F.3d 331, 338 (4th Cir. 2009). When the district court has denied a motion to suppress, "the evidence must be construed in the light most favorable to the Government." United States v. Uzenski, 434 F.3d 690, 704 (4th Cir. 2006).

Warrantless searches "are per se unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions." California v. Acevedo, 500 U.S. 565, 580 (1991) (internal quotation marks and citation omitted). One exception to the warrant requirement concerns automobiles because of their inherent mobility and the risk that contraband inside the vehicle could disappear while officers obtained a search warrant. California v. Carney, 471 U.S. 386, 390-91 (1985). "If a car is readily mobile and probable cause exists to believe it contains contraband, the Fourth Amendment

2

. . . permits police to search the vehicle without more." Maryland v. Dyson, 527 U.S. 465, 467 (1999) (internal quotation marks and citation omitted); Carney, 471 U.S. at 393-94 (noting that vehicle exception should apply to all "movable vessels" subject to Government licensing and inspection). Probable cause to search exists if, given the totality of the circumstances, there is a "fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238 (1983). Whether the warrantless search is of an automobile or of a closed container within an automobile, the limitation is the same: the scope of the search is "defined by the object of the search and the places in which there is probable cause to believe that it may be found." United States v. Ross, 456 U.S. 798, 824 (1982).

The district court found probable cause based on the small amount of marijuana recovered from Brown's person, as well as Brown's nervous behavior and his location in a high crime area. Brown relies on our decision in United States v. Baker, 719 F.3d 313 (4th Cir. 2013). In Baker, Baker's passenger was found in possession of heroin, crack cocaine, and a digital scale. On the basis of this and the passenger's behavior (trying to walk away, struggling with police officers), the police searched Baker's car and seized heroin, crack cocaine, methadone, marijuana, and a handgun. Id. at 315. We held that probable

3

cause exists to search a vehicle when "a police officer lawfully searches a vehicle's recent occupant and finds contraband on his person." Id. at 319. Brown contends that, while this statement is broad, the facts of Baker are much narrower and the case should be understood to hold only that such a search is proper when, as in Baker, items are found "indicating involvement in the drug trade" prior to the search. Id. Brown also contends that his nervousness was of "limited significance" because most citizens would be nervous when confronted by the police. See United States v. Wald, 216 F.3d 1222, 1227 (10th Cir. 2000).

Thus, Brown asserts that a small amount of marijuana found on the driver is insufficient to provide probable cause to believe the vehicle contains evidence of criminal activity. This argument finds no support in our precedent that the detection of marijuana odor is sufficient to establish probable cause. United States v. Palmer, 820 F.3d 640, 650 (4th Cir. 2016). Further, other circuits have found contrary to Brown's assertion. See United States v. Johnson, 383 F.3d 538, 545-46 (7th Cir. 2004) (finding that "discovery of a banned substance (drugs) on Johnson's person clearly provided . . . probable cause to search the trunk of the vehicle . . . since the officer had a reasonable basis for believing that more drugs or other illegal contraband may have been concealed inside"); United States v. Parker, 72 F.3d 1444, 1450-51 (10th Cir. 1995)

4

(finding probable cause to search trunk based on smell of marijuana combined with corroborating evidence of contraband (powder residue and marijuana cigarette found on occupant)). Finally, probable cause in this case did not rest solely on the discovery of marijuana on Brown's person; the officer also noted that Brown was unusually nervous and that Brown was stopped in an area known for drug trafficking. Given the totality of the circumstances, we find that the officer had probable cause to search Brown's moped.[*]

For these reasons, we affirm Brown's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

---

[*] The district court also upheld the search finding that the firearm would have been inevitably discovered during an inventory search of the moped. Brown challenges the towing of his moped as violative of police procedure. Because we find that probable cause existed to search Brown's moped, we decline to address this issue.

5