**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4423**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TIMOTHY JUSTON WIMER,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Elkins.  Thomas S. Kleeh, District Judge.  (2:19-cr-00022-TSK-MJA-1)

Submitted:  October 29, 2021                    Decided:  December 16, 2021

Before AGEE, FLOYD, and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Elizabeth B. Gross, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Clarksburg, West Virginia; Jordan Dishong, WEST VIRGINIA UNIVERSITY SCHOOL OF LAW, Morgantown, West Virginia, for Appellant.  William J. Powell, United States Attorney, Martinsburg, West Virginia, Stephen Warner, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Elkins, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After the district court denied his motions to suppress evidence seized from separate home and vehicle searches, Timothy Wimer entered a conditional guilty plea to possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). On appeal, Wimer contends that the probation officers lacked reasonable suspicion to search his person or home, that police lacked reasonable suspicion to initiate a traffic stop, and that police lacked probable cause to search his vehicle after the traffic stop. We affirm.

"When reviewing a district court's ruling on a motion to suppress, [we] review[] conclusions of law de novo and underlying factual findings for clear error." *United States v. Fall*, 955 F.3d 363, 369-70 (4th Cir.), *cert. denied*, 141 S. Ct. 310 (2020) (alterations and internal quotation marks omitted). "If, as here, the district court denied the motion to suppress, [we] construe[] the evidence in the light most favorable to the government." *Id.* (alterations and internal quotation marks omitted).

In determining whether a search is supported by reasonable suspicion, we "examine the totality of the circumstances to determine whether a search is reasonable within the meaning of the Fourth Amendment." *Samson v. California*, 547 U.S. 843, 848 (2006) (cleaned up). "[T]he reasonableness of a search is determined by assessing, on the one hand, the degree to which it intrudes upon an individual's privacy and, on the other, the degree to which it is needed for the promotion of legitimate governmental interests." *United States v. Knights*, 534 U.S. 112, 118-19 (2001) (internal quotation marks omitted).

2

"Reasonable suspicion is a commonsense, nontechnical standard that relies on the judgment of experienced law enforcement officers, not legal technicians." *United States v. Williams*, 808 F.3d 238, 246 (4th Cir. 2015) (internal quotation marks omitted). To show the existence of reasonable suspicion, "a [probation] officer must offer 'specific and articulable facts' that demonstrate at least 'a minimal level of objective justification' for the belief that criminal activity is afoot." *United States v. Branch*, 537 F.3d 328, 337 (4th Cir. 2008) (quoting *Illinois v. Wardlow*, 528 U.S. 119, 123 (2000)).

Wimer contends that the probation officers who visited his home lacked reasonable suspicion to search his person. We find that, based on the totality of the circumstances, the officers had reasonable suspicion to search him. At the outset of the home visit, one of the occupants of the residence abruptly shut the door to the residence when the officers approached; the officers could then hear shuffling inside the residence before knocking, and once the officers were inside, the occupants of the residence exhibited nervousness. When Wimer voluntarily produced gloves and cash from his pockets, the officer was surprised and concerned about his safety and the situation. These facts, taken together, gave, the officers reasonable suspicion to search Wimer's person.

Wimer next contends that the probation officers lacked reasonable suspicion to search his bedroom and a black bag within the bedroom. We disagree. When he first arrived at Wimer's home, one of the probation officers noticed Wimer's girlfriend and coresident acting suspiciously in the bedroom. After the other officer found digital scales on Wimer's person, the officer had reasonable suspicion to search the bedroom. As to the black bag, the probation officer testified during the hearing that it was his judgment as an

3

experienced probation officer that such bags are commonly used to store drugs. This is all that is required for reasonable suspicion. *See Williams*, 808 F.3d at 246.

Wimer next contends that the officer who requested the initial traffic stop lacked reasonable suspicion. We conclude that the officer possessed reasonable suspicion based on his familiarity with the vehicle and awareness that there was an active warrant for Wimer's arrest. Moreover, "when an officer acts on an instruction from another officer, the act is justified if the instructing officer had sufficient information to justify taking such action [him]self." *United States v. Massenburg*, 654 F.3d 480, 492 (4th Cir. 2011). In this situation, "the instructing officer's knowledge is imputed to the acting officer." *Id.* We find that because the stopping officer acted on the request of the instructing officer, the instructing officer's knowledge was properly imputed to the stopping officer.

Finally, Wimer contends that police lacked reasonable suspicion to search the vehicle he was driving after the stop. Warrantless searches "are per se unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions." *California v. Acevedo*, 500 U.S. 565, 580 (1991) (internal quotation marks omitted). One exception to the warrant requirement concerns automobiles because of their inherent mobility and the risk that contraband inside the vehicle could disappear while officers obtain a search warrant. *California v. Carney*, 471 U.S. 386, 390-91 (1985). "If a car is readily mobile and probable cause exists to believe it contains contraband, the Fourth Amendment . . . permits police to search the vehicle without more." *Maryland v. Dyson*, 527 U.S. 465, 467 (1999) (per curiam) (internal quotation marks omitted). Probable cause to search exists if, in light of the totality of the circumstances, there is a "fair probability

4

that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). Importantly, we have held that probable cause exists "when a police officer lawfully searches a vehicle's recent occupant and finds contraband on his person." *United States v. Baker*, 719 F.3d 313, 319 (4th Cir. 2013). Here, the presence of contraband on the ground under the driver's door, combined with the presence of drug paraphernalia in Wimer's pockets, was sufficient to create probable cause to search the vehicle.

Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*