**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 23-4421**

─────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

WILLIAM THOMAS DESANTIS,

        Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Northern District of West Virginia, at Elkins.  Thomas S. Kleeh, Chief District Judge.  (2:22-cr-00010-TSK-MJA-1)

─────────────

Submitted:  June 27, 2024                       Decided:  July 16, 2024

─────────────

Before NIEMEYER, RICHARDSON, and BENJAMIN, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

**ON BRIEF**: Harry A. Smith, III, JORY & SMITH, LC, Elkins, West Virginia, for Appellant.  William Ihlenfeld, United States Attorney, Wheeling, West Virginia, Stephen Warner, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Elkins, West Virginia, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Thomas DeSantis appeals his conviction entered pursuant to a conditional guilty plea to conspiracy to distribute more than 50 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(B), 846. On appeal, he challenges the district court's denial of his motion to suppress the contraband seized from his vehicle during a traffic stop. For the following reasons, we affirm.

When reviewing a district court's ruling on a motion to suppress, we review factual findings for clear error and legal conclusions de novo. *United States v. Pulley*, 987 F.3d 370, 376 (4th Cir. 2021). We consider the evidence in the light most favorable to the government and "must also give due weight to inferences drawn from those facts by resident judges and law enforcement officers." *Id.* (internal quotation marks omitted).

The Fourth Amendment prohibits "unreasonable searches and seizures." U.S. Const. amend. IV. Warrantless searches "are *per se* unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions." *California v. Acevedo*, 500 U.S. 565, 580 (1991) (internal quotation marks omitted). One exception to the warrant requirement concerns automobiles because of their inherent mobility and the risk that contraband inside the vehicle could disappear while officers obtain a search warrant. *California v. Carney* 471 U.S. 386, 390-91 (1985). Accordingly, "[p]olice officers do not need a warrant to search an automobile if they have probable cause to believe it contains evidence of criminal activity." *United States v. Patiutka*, 804 F.3d 684, 690 (4th Cir. 2015) (citing *United States v. Ross*, 456 U.S. 798, 809 (1982)); *see also Maryland v. Dyson*, 527 U.S. 465, 467 (1999) (per curiam) ("If a car

2

is readily mobile and probable cause exists to believe it contains contraband, the Fourth Amendment . . . permits police to search the vehicle without more." (internal quotation marks omitted)).

Probable cause to search exists if, in light of the totality of the circumstances, there is a "fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). Whether the warrantless search is of an automobile or of a closed container within an automobile, the limitation is the same: the scope of the search is "defined by the object of the search and the places in which there is probable cause to believe that it may be found." *Ross*, 456 U.S. at 824. Thus, "[i]f probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search." *Id.* at 825.

As the district court concluded, upon observing DeSantis following too closely to another vehicle, Ohio State Trooper Seth Jones had probable cause to believe a traffic violation had been committed and therefore lawfully stopped the vehicle. *See Whren v. United States*, 517 U.S. 806, 810 (1996). After discovering that DeSantis was driving with a suspended license, Jones conducted an inventory search of DeSantis' vehicle pursuant to a uniform department policy prior to delivering possession of the vehicle to a towing company.

During the inventory search, Jones found a vial of suspected contraband. Based on his experience investigating other drug crimes, Jones believed that this vial contained methamphetamine and concluded that he had probable cause to search other areas of the

vehicle for additional contraband, including areas that exceeded the scope of the inventory search policy.  During Jones' probable cause search, he found several butane torches, an empty magnetic box under the front passenger seat, and two magnetic boxes under the car.  The magnetic boxes discovered under the car each contained several ounces of methamphetamine.

Under the totality of the circumstances, including Jones' discovery of the vial of suspected contraband, his experience with drugs and corresponding belief that the substance in the vial was methamphetamine, and DeSantis' behavior both before and during the traffic stop, we agree with the district court's conclusion that Jones had probable cause to conduct a search of DeSantis' vehicle that exceeded the scope of the initial inventory search.  *See United States v. Baker*, 719 F.3d 313, 319 (4th Cir. 2013) (finding "[p]robable cause to search a vehicle exists when reasonable officers can conclude that what they see, in light of their experience, supports an objective belief that contraband is in the vehicle" (internal quotation marks omitted)).  These facts also supported Jones' decision to open the magnetic boxes discovered beneath the vehicle.  *See Acevedo*, 500 U.S. at 580 ("The police may search an automobile and the containers within it where they have probable cause to believe contraband or evidence is contained.").

DeSantis argues that the district court failed to consider the effect of *Arizona v. Gant*, 556 U.S. 332 (2009), in its analysis.  *Gant* authorized the warrantless search of a vehicle "incident to a recent occupant's arrest only when the arrestee is unsecured and within reaching distance of" the vehicle or "when it is reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle." *Id.* at 343 (internal quotation

4

marks omitted).  Because DeSantis was not under arrest, the rule announced in *Gant* does not apply.  To the extent DeSantis suggests that *Gant* replaced the probable cause automobile exception, we have clarified that "*Gant* addressed only the rule permitting warrantless searches incident to a lawful arrest, as applied in the context of vehicle searches, leaving unaltered other exceptions to the warrant requirement that might be relevant in that context."  *Baker*, 719 F.3d at 319.  These exceptions include the probable cause exception—"in contrast to *Gant*'s rule, this exception permits police officers to search a vehicle for evidence of any crime, not just the crime of arrest, but *only* on a showing of probable cause rather than a mere reasonable belief."  *Id.*  We therefore conclude that the district court did not err in denying DeSantis' motion to suppress.

Accordingly, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*