**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4017**

UNITED STATES OF AMERICA,

Plaintiff − Appellee,

v.

JOHN JASON MORGAN,

Defendant – Appellant.

**No. 19-4018**

UNITED STATES OF AMERICA,

Plaintiff − Appellee,

v.

JOHN JASON MORGAN,

Defendant – Appellant.

Appeals from the United States District Court for the Eastern District of Virginia, at Richmond. M. Hannah Lauck, District Judge. (3:06-cr-00494-MHL-1; 3:18-cr-00048-MHL-DJN-1)

Argued: December 10, 2019                      Decided: March 26, 2020

Before DIAZ and QUATTLEBAUM, Circuit Judges, and Max O. COGBURN, Jr., United States District Judge for the Western District of North Carolina, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**ARGUED:** Patrick L. Bryant, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant. Richard Daniel Cooke, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee. **ON BRIEF:** Geremy C. Kamens, Federal Public Defender, Laura J. Koenig, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant. G. Zachary Terwilliger, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

While serving a term of federal supervised release, John Morgan was stopped and searched by police. The officers ultimately seized drugs and drug paraphernalia from Morgan's person and vehicle, and Morgan was charged with one count of possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). He moved to suppress the evidence. The district court denied the motion and, following a stipulated bench trial, found Morgan guilty. The court then sentenced Morgan to 63 months in prison for the possession offense, followed by a consecutive 37-month revocation sentence. Morgan now appeals the court's denial of his suppression motion and the imposition of the revocation sentence. For the reasons that follow, we affirm.

I.

When reviewing the denial of a motion to suppress, we view the evidence in the light most favorable to the government. *United States v. Palmer*, 820 F.3d 640, 644 (4th Cir. 2016).

A.

Officers John Douglas, Steven Eacho, and Jonathan Myers were patrolling a stretch of highway in Richmond, Virginia, when they saw a woman run across multiple lanes of traffic to a parked truck. Myers recognized the woman from having observed her pace up and down that same stretch of highway, an area known for solicitation of prostitution, on previous occasions. The police officers, working as part of a "focus mission team" that aimed to curb prostitution and narcotics-related offenses, began speaking with the woman.

Over the course of that conversation, the woman told the officers that she ran across traffic because she had heard a whistle, that she wasn't from the area, that she didn't know the man in the truck, and that she had recently taken a controlled narcotic without a prescription. The woman denied being involved in prostitution.

Myers then approached Morgan, who was seated in the driver's seat of the truck. After receiving Morgan's identification, Myers discovered that there was an active warrant out for Morgan's arrest. As a result, the officers ordered Morgan out of the truck and handcuffed him. While awaiting confirmation of the arrest warrant, and prior to reading Morgan his *Miranda* rights, the officers questioned Morgan about his involvement in criminal activity. Over the course of this conversation, Morgan made several incriminating statements about his drug use and criminal history.

Eventually, the officers received confirmation of the arrest warrant and searched Morgan incident to arrest. In Morgan's pocket, they found a small bag of methamphetamine, a rolled-up piece of currency, and keys to a safe. Only then did the officers read Morgan his *Miranda* rights. Next, the officers searched Morgan's truck, where they discovered a locked safe. Unsure if they could lawfully search the safe, the officers decided to obtain a search warrant. The officers executed the search warrant the following day. In the safe, they discovered substantial quantities of drugs as well as drug distribution paraphernalia.

B.

Morgan was charged with one count of possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). Arguing that the

4

officers violated his rights under the Fourth and Fifth Amendment, Morgan moved to suppress all physical evidence recovered by the officers' search of his person and the truck. Among other things, Morgan contended that the officers lacked reasonable suspicion for the initial seizure, rendering all physical evidence subsequently seized inadmissible. Additionally, Morgan argued that the officers impermissibly relied on statements obtained in violation of his *Miranda* rights to obtain probable cause to search his truck.

The motion was referred to a magistrate judge, who conducted an evidentiary hearing in which Officers Douglas, Eacho, and Myers testified to their interaction with Morgan and their background in the police force. Following that hearing, the magistrate judge found that Morgan's initial seizure was supported by reasonable suspicion. The judge also found that, although Morgan's *Miranda* rights were violated, the evidence found in Morgan's truck was nonetheless admissible under the automobile and good faith exceptions. Over Morgan's objection, the district court adopted the magistrate judge's Report and Recommendation in full.

Following the denial of his suppression motion, Morgan waived his right to a jury trial. For purposes of the bench trial, Morgan stipulated that officers recovered 4.5 grams of methamphetamine from his pocket, along with rolled-up currency and keys to a safe located in Morgan's truck. Morgan also stipulated that, using the keys found in his pocket, the officers unlocked the safe, which contained methamphetamine, cocaine, hydromorphone pills, heroin, scales, and other drug paraphernalia. Additionally, Morgan stipulated that the amount of controlled substances seized was "inconsistent with personal use and consistent with the intent to distribute the controlled substances." J.A. 302.

5

At the beginning of the bench trial, Morgan's counsel stated that he was preserving "Morgan's ability to appeal the suppression issues in this case and any sentence" imposed. J.A. 311. There was no objection. The court then found Morgan guilty of possession with intent to distribute methamphetamine. For that offense, the court imposed a 63-month term of imprisonment followed by five years of supervised release. The court then proceeded to the revocation hearing, during which it noted Morgan's refusal to comply with rehabilitation programs and his "adamant assurance" that he could handle his addiction. J.A. 372. The court also highlighted the need for the revocation sentence to deter criminal conduct and promote public safety. In light of these considerations, the court imposed a revocation sentence of 37 months, to be served consecutively.

This appeal followed.

## II.

We first address Morgan's argument that the district court erred by denying his motion to suppress.

## A.

As a threshold matter, we consider the government's contention that the motion to suppress was rendered moot by Morgan's bench trial stipulations. "[T]he doctrine of mootness constitutes a part of the constitutional limits of federal court jurisdiction." *Porter v. Clarke*, 852 F.3d 358, 363 (4th Cir. 2017) (quoting *Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 763 (4th Cir. 2011)). A case that has become moot over the course of the proceedings is beyond the federal court's Article III jurisdiction. *United States v.*

6

*Sanchez-Gomez*, 138 S. Ct. 1532, 1537 (2018). According to the government, Morgan's Fourth Amendment arguments became moot when he stipulated to each element of the offense. These stipulations, the government argues, are akin to an unconditional guilty plea. We disagree.

Morgan did not, in fact, stipulate to each element of the offense. He was convicted of possession of methamphetamine with intent to distribute, which makes it unlawful for any person to "knowingly or intentionally" possess methamphetamine. 21 U.S.C. § 841(a)(1), (b)(1)(B). The stipulations make no reference to knowing or intentional possession. Rather, Morgan stipulated that police officers recovered drugs and contraband from his person and vehicle. The difference, though slight, is a meaningful one. *Cf. United States v. Muse*, 83 F.3d 672, 679 (4th Cir. 1996) (noting, in the context of a jury trial, that the government must prove "beyond a reasonable doubt all the elements involved in the crime charged—even if the defendant and the government have entered a stipulation as to certain of those elements").

Moreover, Morgan agreed to the bench trial stipulations on the condition that he would preserve his challenge to the underlying search. At the beginning of the bench trial, Morgan's counsel declared that Morgan was "proceeding in this fashion to preserve [his] ability to appeal the suppression issues" now raised. J.A. 311. In sum, the government presents a question—whether bench trial stipulations amounting to a guilty plea can moot a defendant's appeal of a suppression motion—that is not presented by these facts. Accordingly, we decline to reach it.

7

B.

We next turn to Morgan's request that we reverse the district court's denial of his motion to suppress. Morgan makes two primary arguments. First, he contends that his initial seizure was not supported by reasonable suspicion. Second, he asserts that the search of his truck lacked probable cause.

When reviewing a motion to suppress, we review factual determinations for clear error and legal determinations de novo. *United States v. Thomas*, 908 F.3d 68, 72 (4th Cir. 2018). For the reasons that follow, we find no error.

1.

Reasonable suspicion to detain a suspect requires more than "a mere hunch," but "considerably less than proof of wrongdoing by a preponderance of the evidence." *Navarette v. California*, 572 U.S. 393, 397 (2014) (internal quotations omitted). When considering whether an officer had reasonable suspicion, we look at the "totality of the circumstances" to determine whether the officer had a "particularized and objective basis for suspecting the particular person stopped of criminal activity." *United States v. Foster*, 824 F.3d 84, 88–89 (4th Cir. 2016) (internal quotations omitted). Within this consideration, we "must give due weight to common sense judgments reached by officers in light of their experience and training." *United States v. Perkins*, 363 F.3d 317, 321 (4th Cir. 2004).

Here, it is undisputed that Morgan was seized after the officers had obtained his identification and taken it to their patrol car. By this point, the officers had observed a woman run across multiple lanes of traffic to Morgan's truck. Additionally, that woman

8

had informed officers that she ran to the truck because she had heard a whistle,[1] that she had recently taken a controlled narcotic without a prescription, that she wasn't from the area, and that she didn't know Morgan. One of the officers recognized the woman from having frequently observed her pace up and down the same stretch of highway. And this stretch of highway was known by the officers for solicitation of prostitution, the curbing of which was one focus of the officers' assigned unit. These observations, along with the officers' background and experience, gave them reasonable suspicion that Morgan was engaged in criminal activity. Accordingly, we find that the officers' initial seizure of Morgan complied with the Fourth Amendment.[2]

2.

Next, Morgan argues that the officers lacked probable cause to search his truck. According to Morgan, the district court erred by relying on statements obtained in violation of Morgan's rights under *Miranda v. Arizona*, 384 U.S. 436 (1966). Without those statements, Morgan contends, the officers would have lacked probable cause to search his truck. But because we find that the officers had probable cause without consideration of Morgan's statements, we reject this argument.

---

[1] Morgan devotes substantial energy to disputing whether he, in fact, whistled at the woman. But this dispute misses the point: regardless of who whistled, the woman's statement that she ran across traffic to Morgan's truck because she heard a whistle added to the officers' suspicion.

[2] We thus decline to reach the question of whether any alleged constitutional violation was attenuated by the discovery of an active warrant for Morgan's arrest.

9

Warrantless searches are *per se* unreasonable under the Fourth Amendment, subject to limited exceptions. *California v. Acevedo*, 500 U.S. 565, 580 (1991). One such exception permits an officer to search a vehicle based on probable cause that it contains evidence of criminal activity. *Palmer*, 820 F.3d at 650. Probable cause exists when the officer recovers contraband subsequent to a lawful search of the vehicle's occupant. *United States v. Baker*, 719 F.3d 313, 319 (4th Cir. 2013). That probable cause extends to anywhere that could conceal the object of the search. *United States v. Kelly*, 592 F.3d 586, 590 (4th Cir. 2010). As Morgan conceded at oral argument, this includes the vehicle's containers. Oral Arg. Tr. 16:42–45; *see Kelly*, 592 F.3d at 592.

Here, a lawful search incident to arrest uncovered a small bag of methamphetamine in Morgan's pocket. This discovery, alone, gave the officers probable cause to search Morgan's vehicle. And that probable cause extended to any location within the vehicle where similar contraband could be found. Given the small size of the bag of methamphetamine, the safe could have concealed such contraband.[3]

Morgan argues that the officers lacked field experience with methamphetamine, rendering the officers incompetent to determine that the drugs recovered from Morgan's pocket amounted to distribution-levels of narcotics. But this argument overlooks the fact that the officers did, in fact, testify to their training and experience with narcotics. Officer Eacho testified that he had previously worked on narcotics-related investigations, and

---

[3] Recall, however, that the officers chose first to obtain a warrant before searching the safe.

Officers Myers and Douglas testified that they received narcotics training specific to methamphetamine. This makes sense, given that the officers were working as part of a unit that, among other things, focused on curbing drug trafficking.

In any event, Morgan's attempts to undermine the officers' competence to testify are irrelevant. To search the car, the officers didn't need probable cause that it would contain distribution-level quantities of narcotics. Instead, they merely needed probable cause that additional contraband—not necessarily in distribution-level quantities—was in the vehicle. The small bag of methamphetamine found in Morgan's pocket supplied that probable cause.[4]

### III.

Finally, Morgan appeals the district court's imposition of a 37-month consecutive revocation sentence. We will affirm a revocation sentence unless it is "plainly unreasonable." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017). To determine whether a revocation sentence is plainly unreasonable, we first determine whether the sentence is procedurally or substantively unreasonable. *United States v. Crudup*, 461 F.3d 433, 438 (4th Cir. 2006). This generally follows our method of reviewing original sentences, with some "necessary modifications" to account for the "substantial latitude" afforded to district courts when fashioning revocation sentences. *Id.*

---

[4] Because we find that the officers had probable cause to search the car under the automobile exception, we decline to reach the issue of whether the evidence could be admitted under the good faith exception.

As we explain, Morgan's revocation sentence is neither procedurally nor substantively unreasonable. It necessarily follows that his sentence is not plainly unreasonable. Accordingly, we affirm.

A.

A sentence is procedurally reasonable if the district court adequately explains the sentence after considering the applicable advisory range and the parties' nonfrivolous arguments in light of the factors provided in 18 U.S.C. § 3553(a). *United States v. Blue*, 877 F.3d 513, 518 (4th Cir. 2017). Here, Morgan claims that the district court failed to address his request for a sentence at the bottom of the advisory range.[5] The revocation hearing transcript undermines this claim. The court engaged in an extensive dialogue with Morgan, acknowledging his employment and family, his prior rehabilitation programs, his specific issues with those programs, and his refusal to comply with treatment. Indeed, the court's explanation for Morgan's revocation sentence spans four pages, in which the court engages with Morgan's arguments in detail.

In sum, there is no basis for concluding that the district court ignored Morgan's arguments, and we are satisfied that his revocation sentence is not procedurally unreasonable.

---

[5] Morgan also argues that the court failed to explain its choice of a consecutive, rather than concurrent, sentence. But Morgan made no argument for a concurrent sentence, let alone a "nonfrivolous" one. And there is no requirement that the court provide a separate explanation for imposing a consecutive sentence. *See United States v. Mondell*, 747 F. App'x 127, 131 (4th Cir. 2018) (unpublished).

12

B.

We turn now to substantive reasonableness. A revocation sentence is substantively reasonable if the court "sufficiently state[s] a proper basis" for the given sentence. *Crudup*, 461 F.3d at 440. Morgan argues that his sentence is substantively unreasonable because it fails to account for his positive characteristics, including his employment as a roofing contractor, which provides support for his family, and his lack of a violent criminal history.

Although these considerations are relevant, they don't render Morgan's sentence unreasonable. The court properly based the revocation sentence on the need to deter criminal activity, promote public safety, and provide Morgan corrective treatment. *See* 18 U.S.C. § 3553(a)(2)(B)–(D); *see also id.* § 3583(e) (listing the § 3553(a) factors applicable to the revocation context). Contrary to Morgan's contention, the court didn't overlook his employment and family, but instead prioritized the need to address Morgan's addiction. This decision was well within the court's "extremely broad discretion," *United States v. Jeffrey*, 631 F.3d 669, 699 (4th Cir. 2011), when assigning weight to any given § 3553(a) factor. This is especially true considering the context of the hearing: Morgan was serving a federal supervised release term for conspiring to distribute methamphetamine, and he violated the conditions of that release by using methamphetamine on multiple occasions. Thus, we cannot say that the revocation sentence lacks a proper basis. Accordingly, Morgan's revocation sentence is not substantively unreasonable.

\* \* \*

For the reasons given, we affirm the district court's judgment.

*AFFIRMED*

13